

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-9-2004

# Livermore v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1769

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Livermore v. Comm Social Security" (2004). *2004 Decisions.* Paper 1101.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1101

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1769
_____

LOUISE A. LIVERMORE,

Appellant


v.


JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY




On Appeal from the United States District Court
for the Western District of Pennsylvania

District Court Judge: The Honorable Donetta W. Ambrose
(D.C. No. 02-1222)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 23, 2003

Before: ALITO, FUENTES and BECKER, Circuit Judges.

(Filed January 9, 2004)
_____

OPINION OF THE COURT
_____

<u>FUENTES, Circuit Judge</u>:

Livermore appeals from the decision of the United States District Court for the Western District of Pennsylvania, affirming the Commissioner of Social Security's denial of Livermore's claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401 <u>et seq.</u> Our review is limited to determining whether the Commissioner's final decision was supported by substantial evidence. <u>Hartranft v. Apfel</u>, 181 F.3d 358, 360 (3d Cir. 1999). We now affirm the District Court's decision.

**I.**

Livermore, a registered nurse, suffers from persistent asthma and related symptoms, including fatigue, coughing, and shortness of breath. On November 20, 2000, Livermore filed an application for DIB, alleging that she had been disabled since September 4, 1990. After her application was denied, Livermore requested a hearing before an ALJ. The ALJ found that although Livermore suffered from an impairment as of December 31, 1994, her condition did not constitute a disability of such severity that she was entitled to receive benefits. The ALJ concluded that as of her date last insured, Livermore could perform her previous relevant work as a registered nurse, at all exertional levels, with the sole limitation that she could not be exposed to cleaning supplies (which triggered her asthma).

Livermore's request for review by the Social Security Appeals Council was denied, making the ALJ's opinion the final decision of the Commissioner. Livermore

2

then filed an action in the District Court. Livermore and the Commissioner filed cross-motions for summary judgment. On February 18, 2003, the District Court granted the Commissioner's motion for summary judgment, affirming the Commissioner's determination that Livermore was not disabled prior to the expiration of her insured status. Livermore now appeals this decision.

## II.

Livermore argues that the District Court erred in finding that she did not suffer from a severe impairment. However, we agree with the District Court's conclusion that substantial evidence supports the ALJ's finding that Livermore was capable of performing her past work as a registered nurse before the expiration of her DIB. App. 16, 17.

Under the Act, a claimant for DIB must show that he has a physical or mental impairment of such severity that:

> he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .

42 U.S.C. § 423(D)(2)(A). According to the District Court, Livermore apparently concedes that her asthma does not meet the definition of a "severe impairment" under the Social Security regulations. Dist. Ct. Op. 8. Alternatively, an impairment is considered severe if it is "of magnitude sufficient to limit significantly the individual's ability to do basic work activities." Santise v. Schweiker, 677 F.2d 925, 927 (3d Cir. 1982); see also 20 C.F.R. §§ 404.1521(a), 416.921(a). In addition, because Livermore's insurance

3

coverage for disability benefits expired on December 31, 1994, she must establish her disability on or before that date.  See Esposito v. Apfel, CA 99-771, 2000 U.S. Dist. LEXIS 1720, *30 (E.D. Pa. Feb. 24, 2000) ("The last insured date is a statutory cut-off which precludes consideration of any new impairments which develop thereafter"); see also 20 C.F.R. §§ 404.101 and 404.132.

None of the medical evidence Livermore offers supports her claim that she was disabled or incapable of performing her past work during the relevant period.  The evidence, in the form of medical opinions, largely pertains to Livermore's condition more than six years after her insured status expired.  App. 202, 230.  These opinions (which may reflect a worsening of Livermore's condition after expiration of her DIB) suggest that Livermore's ability to work could be limited by "significant exposure" to certain environmental occurrences, such as dust mites, pollens, animals, and strong odors or exposure to "unusual" fumes, dust, or pollens.  Id.  However, Livermore's medical records from before the expiration of her insured status indicate only two acute asthma attacks, both triggered by prolonged exposure to cleaning solutions, and both controlled with treatment.  Therefore, the District Court found that "significant exposure" to cleaning supplies was the only consistent trigger of Livermore's asthma attacks during the relevant period.  Dist. Ct. Op. 18; App. 16.  Further, Livermore offers no evidence to suggest that her past job as a nurse would subject her to such exposure.

Because nothing in the record supported a finding that Livermore's asthma was so severe as to prevent her from working, the District Court held that substantial evidence

4

supported the ALJ's conclusion as to the minimal severity of Livermore's impairments before expiration of her DIB.  Dist. Ct. Op. 10; App. 14-15.  We agree, and affirm the decision of the District Court.

## III.

Livermore also argues that the ALJ reached an erroneous conclusion based on the response of a vocational expert ("VE") to a hypothetical question concerning whether employment exists in the national economy that could accommodate someone with Livermore's impairments.  The ALJ posed a hypothetical question to the VE that included a limitation from exposure to cleaning agents.  In response, the VE testified that this limitation would not prevent Livermore from performing her past work.  App. 254-55.  Livermore argues that the hypothetical was inadequate because it did not include the additional limitations on her ability to work that were identified by the Social Security Administration's medical consultant (i.e., limitations from "concentrated exposure" to various environmental conditions, such as extreme temperatures, wetness, humidity, odors dusts, and gases).  App. 195, 198.

Because we found, above, that substantial evidence supports the ALJ's conclusion that Livermore was not disabled before the expiration of her DIB, we need not consider this issue.  See 20 C.F.R. § 404.1520 ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step.").  However, we affirm the District Court's conclusion that the hypothetical was proper because it "took into account the only consistent trigger of [Livermore's] asthma

5

attacks" that was identified in the record during the relevant period (i.e., exposure to the odors of cleaning supplies). Dist. Ct. Op. 13; App. 254-55.

**IV.**

Finally, Livermore argues that the District Court erred in not employing a medical expert to seek further consultation due to an incomplete record that could have resulted in prejudice to Livermore. The District Court stated: "An ALJ has a duty to seek further consultation if an incomplete record reveals evidentiary gaps which result in prejudice to the claimant or if medical records contain a conflict of ambiguity that must be resolved." Dist. Ct. Op. 16, citing Bell v. Barnhart, 218 F. Supp. 2d 583, 593 (D. Del. 2002) (internal quotations omitted). We have carefully reviewed the record, and agree with the District Court that neither of these situations arose during the administrative hearing.

In the District Court, Livermore requested the assistance of a medical expert to determine if various triggers, other than cleaning supplies, limited her activities to the extent that she claimed. However, the District Court found, based largely on the long-term treatment reports of a specialist in allergies and asthma, that the record failed to support these subjective complaints by Livermore. Dist. Ct. Op. 15-16. The objective medical evidence on record contained neither evidentiary gaps resulting in prejudice nor conflicts of ambiguity. Therefore, the ALJ was not required to seek assistance from an additional medical expert. Dist. Ct. Op. 16.

On appeal, Livermore also argues that additional consultation with a medical expert was necessary because the record was missing certain reports from four of her

6

physicians, making the record incomplete. Although the Social Security Administration sought information from three of these sources, the medical reports dated back several years and had been discarded or destroyed by the physicians. App. 79-80, 175-76. Livermore further contends that the Administration failed to seek records from the fourth physician that she identified.

However, although Livermore asserted in her District Court brief that the testimony of a medical expert was warranted, she failed to argue that the record was otherwise incomplete because it was missing reports from these four sources. It was also not until this appeal that Livermore first raised the issue of the Administration not seeking certain of these medical records. Because Livermore failed to properly raise these arguments before the District Court, she waived her right to do so on appeal.

Accordingly, for the reasons stated above, we affirm the judgment of the District Court holding that the Commissioner's final decision was supported by substantial evidence.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

                                         /s/   Julio M. Fuentes
                                              Circuit Judge